UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE IVORY,<br><br>                 Petitioner,<br>   v.<br>DAVID J. EBBERT,<br><br>                 Respondent. | CIVIL ACTION NO. 4:15-CV-02133<br><br>(BRANN, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

On November 9, 2015, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by the Petitioner, Andre Ivory on October 28, 2015. (Doc. 1). At the time of filing, the Petitioner was incarcerated at the United States Penitentiary at Lewisburg ("USP Lewisburg"), located in Lewisburg, Pennsylvania. For the following reasons, the Court recommends that this action be transferred to the United States District Court for the District of Kansas.

I. STATEMENT OF THE CASE

Petitioner challenges his May 2, 2006 conviction and sentence in the United States District Court for the District of Kansas for conspiracy to kill a federal witness under 18 U.S.C. § 1512(k), and attempted murder of a federal witness under 18 U.S.C. § 1512(a)(1)(A), among other charged offenses. *United States v. Ivory*, Case No. 2:04-cr-2044 (D. Kan. 2004).[1] Petitioner previously challenged his conviction and sentence in a July 17,

---

[1] In addition to the petition and attached exhibits, a federal habeas court may take judicial notice of state court records, as well as its own. *Minney v. Winstead*, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court has taken judicial notice of the publicly-available dockets of the Petitioner's criminal and post-conviction relief proceedings in the United States District Court for the District of Kansas and the United States Court of Appeals for the Tenth Circuit.

2009 motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court on February 26, 2010. *United States v. Ivory*, No. CIV.A. 09-2376-KHV, 2010 WL 1816236 (D. Kan. Feb. 26, 2010). In the instant petition, Petitioner urges this Court to bestow upon him the benefit of the savings clause of § 2255(e) by entertaining this § 2241 petition on the grounds that intervening decisions by the Supreme Court of the United States have effectively rendered the conduct for which he is serving his federal sentence non-criminal.[2] Specifically, Petitioner asserts a claim of "actual innocence" on a theory that he is being detained for convictions under 18 U.S.C. § 1512(a)(1)(A) and 18 U.S.C. § 1512(k) that have been subsequently rendered non-criminal by *Arthur Anderson, LLP v. United States,* 544 U.S. 696 (2005) and Third Circuit precedent construing this as an "intervening" Supreme Court decision.

This Court conducted a preliminary screening review of Petitioner's § 2241 habeas petition and recommended summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[3] Rule 4, 28 U.S.C. foll. § 2254. *See,*

---

[2] 28 U.S.C. § 2255(e), commonly referred to as the "safety valve" or "savings clause," provides, in relevant part:

> An application for a writ of habeas corpus [filed by] . . . a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

[3] Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, 28 U.S.C. foll. § 2254. The Court exercises its discretion under Rule 1(b) of the Rules Governing

*e.g., Mutope v. Pa. Bd. of Prob. & Parole,* No. 07-CV-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007); *Patton v. Fenton,* 491 F. Supp. 156, 158–59 (M.D. Pa. 1979). Specifically, the undersigned United States Magistrate Judge recommended that this petition be dismissed without prejudice to Petitioner's right to file a § 2255 motion in the United States District Court for the District of Kansas because Petitioner failed to demonstrate that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention so as to vest jurisdiction in this Court to review his petition for writ of habeas corpus under § 2241. (Doc. 6). On September 7, 2016, the District Court issued an Order adopting in part and rejecting in part the undersigned Magistrate Judge's Report and Recommendation, finding that Petitioner may be able to establish that the remedy provided by § 2255 is inadequate due to *Arthur Anderson*, and subsequent Third Circuit precedent construing it as an "intervening" Supreme Court decision, potentially rendering Petitioner's underlying criminal conduct non-criminal. (Doc. 10 (citing 544 U.S. 696; *United States v. Tyler*, 732 F.3d 241 (3d Cir. 2013)). On the same day as the District Court issued its Order, however, Petitioner filed a letter to the docket informing the Court that he had been transferred from USP Lewisburg to USP Florence, located in Florence, Colorado. (Doc. 9).

## II. DISCUSSION

Under § 2241, a federal prisoner may challenge the *execution* of his sentence—such as a claim concerning the denial or revocation of parole, or the loss of good-time credits—in the district court for the federal judicial district where the prisoner is in custody. *See* 28

---

Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, to apply those rules to this § 2241 petition.

U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443–44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Because Petitioner was incarcerated at USP Lewisburg at the time he filed his petition, within the territorial limits of the Middle District of Pennsylvania, this Court has subject matter jurisdiction to consider the petition. *See* 28 U.S.C. § 2241(a). Petitioner's subsequent transfer to USP Florence, located within the territorial limits of the District of Colorado, does not deprive this Court of jurisdiction. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973) ("So long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction."). Nonetheless, Petitioner's transfer raises the issue of whether this Court is a convenient forum for the litigation. *See McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 965 (8th Cir. 1976) ("[I]t is . . . reasonable to hold that a court has jurisdiction whenever it can serve process on the custodian, even when venue considerations indicate that the case should be transferred elsewhere." (quotation omitted)).

Federal courts may apply "traditional venue considerations" to habeas cases, including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found. *Braden*, 410 U.S. at 493–94. Because Petitioner was neither convicted and sentenced in—nor is he currently incarcerated within—the Middle District of Pennsylvania, this Court is no longer an appropriate venue

for the petition.[4] *See Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002) ("This Court does not have venue over the petition because the original action, conviction and sentence did not occur in New Jersey, and Petitioner is no longer detained in New Jersey."). 28 U.S.C. § 1404(a) provides, in relevant part, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." Where "venue is inappropriate, a court may transfer a habeas corpus petition to an appropriate district *sua sponte*." *Verissimo*, 204 F. Supp. 2d at 820.

In considering where venue is appropriate for a § 2241 petition in light of a petitioner's transfer to another prison located outside the forum district, another court within the Third Circuit has noted:

> [A]n action may be transferred to the district in which the petitioner is currently being held, as the place of detainment may often be the most convenient forum to the parties. Alternately, a habeas corpus petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state.
>
> *Verissimo*, 204 F. Supp. 2d at 820 (citations omitted)).

Here, venue is proper either in Kansas, where Petitioner was convicted and sentenced, or in Colorado, where Petitioner is currently incarcerated.[5] In applying the "traditional venue

---

[4] The Court also notes that Warden David. J. Ebbert, Petitioner's former custodian at USP Lewisburg, has not been served with a copy of this petition. Thus, Respondent has yet to expend any time and resources litigating this case in the Middle District of Pennsylvania.

[5] A habeas petition "might have been brought" in Kansas pursuant to § 2255 or in Colorado pursuant to § 2241. The fact that Petitioner previously filed an unsuccessful § 2255 petition in Kansas does not appear to affect the Court's ability to transfer the instant § 2241

considerations," this Court finds that Kansas is the most convenient forum because that is where the material events occurred and where the records and evidence from the original criminal case are located. The Court therefore concludes that "[t]he interests of judicial efficiency and economy would best be served by transferring the case" to the District of Kansas. *Gardner v. Williamson*, No. 3:07CV1788, 2008 WL 1752229, at *4 (M.D. Pa. Apr. 14, 2008); *see also Verissimo*, 204 F. Supp. 2d at 820 (collecting cases for the proposition that a court may transfer a § 2241 habeas petition to the sentencing court *sua sponte* where it is no longer the district where petitioner is confined).

### III. RECOMMENDATION

Accordingly, for the foregoing reasons, it is respectfully recommended that the District Court transfer this petition (Doc. 1) to the United States District Court for the District of Kansas.

BY THE COURT:

Dated: November 4, 2016

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

---

petition there. *See, e.g.*, *Harper v. Ebbert*, No. 3:16-CV-419, 2016 WL 2342857, at *5 (M.D. Pa. Mar. 15, 2016) (recommending in part that § 2241 petition be transferred to sentencing district as a petition under § 2255 where petitioner had previously filed an unsuccessful § 2255 petition in the sentencing district), *report and recommendation adopted*, No. 3:16-CV-419, 2016 WL 2347908 (M.D. Pa. May 3, 2016).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE IVORY,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DAVID J. EBBERT,<br><br>　　　　　Respondent | CIVIL ACTION NO. 4:15-CV-02133<br><br>(BRANN, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 4, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: November 4, 2016　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate**