**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 04-20044-01-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTIONS** |
| ANDRE IVORY, | ) | **No. 15-9943-KHV** |
| | ) | **No. 16-3245-KHV** |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

On December 13, 2005, a jury found defendant guilty of conspiracy to kill a federal witness, attempted murder of a federal witness and discharge of a firearm during the commission of a crime of violence. This matter is before the Court on defendant's <u>Petition For A Writ Of Habeas Corpus Under 28 U.S.C. § 2241</u> (Doc. #1 in Civil Case No. 16-3245-KHV, Doc. #573 in Criminal Case No. 04-20044-01-KHV) filed November 9, 2015, which the Court also construes as a motion to vacate conviction under 28 U.S.C. § 2255. For reasons stated below, the Court dismisses defendant's petition under 28 U.S.C. § 2241 for lack of jurisdiction and dismisses defendant's petition under 28 U.S.C. § 2255 as an unauthorized second or successive petition.

### **Factual Background**

On May 26, 2005, a grand jury returned an eleven-count indictment which, in part, charged defendant with conspiracy to distribute or possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846 (Count 1), distributing and possessing with intent to distribute cocaine base (Counts 2 through 7), conspiracy to kill a federal witness in violation of 18 U.S.C. §§ 371 and 1512(k) (Count 8), attempted murder of a federal witness in violation of 18 U.S.C. § 1512(a)(1)(A) (Count 10) and discharge of a firearm during the commission of a crime

of violence in violation of 18 U.S.C. § 924(c)(1) (Count 11).

On October 22, 2005, pursuant to 21 U.S.C. § 851, the government filed an Enhancement Information (Doc. #310) to establish defendant's prior drug felony conviction in Wyandotte County (Kansas) District Court, Juvenile Division, case number 90-JV-1644.[1] The filing of the information increased the statutory maximum on Counts 2 and 3 from 20 to 30 years in prison and increased the statutory maximum on Counts 4 through 7 from 40 years to life in prison.

On October 27, 2005, without a plea agreement, defendant pled guilty to Counts 2 through 7. On October 31, 2005, the Court commenced a jury trial on the remaining counts against defendant (as well as charges against co-defendants Pamela Tyler and Mark McGee). On December 13, 2005, the jury returned a verdict which found defendant not guilty of Count 1 but guilty of Counts 8, 10 and 11.

Defendant's total offense level was 44, with a criminal history category VI, resulting in a guideline sentence of life. On May 2, 2006, the Court sentenced defendant to 360 months in prison on Counts 2 and 3; life in prison on each of Counts 4 through 7; 240 months in prison on Counts 8 and 10; and 120 months in prison on Count 11 with the sentence on Count 11 to be served consecutively to the sentence on all other counts. Defendant appealed his convictions and challenged a number of the enhancements which the Court applied during the contested sentencing hearing. On July 14, 2008, the Tenth Circuit affirmed defendant's convictions and sentence. United States v. Ivory, 532 F.3d 1095 (10th Cir. 2008).

On July 17, 2009, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255.

---

[1] The juvenile court adjudicated defendant a "juvenile offender" in a case which involved a conspiracy to possess cocaine. Defendant was 14 years old.

See Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody (Doc. #514). Liberally construed, defendant's Section 2255 motion alleged that (1) the district court erred in considering defendant's juvenile offender adjudication in 1990 to enhance defendant's sentence under 21 U.S.C. § 851; (2) defense counsel provided ineffective assistance because he did not object to use of defendant's juvenile conviction in the calculation of his sentence; (3) defense counsel provided ineffective assistance because he did not seek en banc review of the Tenth Circuit's decision or file a petition for writ of certiorari and (4) the Court erred in not requiring a family member of a juror to testify about a conversation with the juror. On February 26, 2010, the Court overruled defendant's motion. See Memorandum And Order (Doc. #525).

On November 9, 2015, defendant filed his present petition in the United States District Court for the Middle District of Pennsylvania. Liberally construed, defendant's petition alleges that (1) he is actually innocent of Count 8 (conspiracy to kill a federal witness in violation of 18 U.S.C. §§ 371 and 1512(k)); (2) he is actually innocent of Count 10 (attempted murder of a federal witness in violation of 18 U.S.C. § 1512(a)(1)(A)) and (3) the Court lacked jurisdiction to impose a sentence under 21 U.S.C. §§ 841(b)(1)(B) and 851.

On December 1, 2016, the Honorable Matthew W. Brann of the Middle District of Pennsylvania transferred defendant's petition to the District of Kansas. See Order (Doc. #12) at 2-3. In the order transferring defendant's petition, Judge Brann also adopted in its entirety the report and recommendation of Magistrate Judge Karoline Mehalchick. See id. Neither Judge Brann's order nor the magistrate judge report and recommendation specifically addressed whether defendant's petition should be docketed in this Court as a motion under 28 U.S.C. § 2241 or one under 28 U.S.C.

§ 2255. The Clerk of the District of Kansas docketed the petition as a motion under both statutory provisions.

## Analysis

**I.     Relief Under 28 U.S.C. § 2241**

A habeas petition under Section 2241 attacks the execution of a sentence by challenging matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters. McIntosh v. U.S. Parole Com'n, 115 F.3d 809, 812 (10th Cir. 1997); see Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000) (Section 2241 petitions challenge execution, not validity, of sentence). The Court ordinarily lacks jurisdiction to consider a petition under Section 2241 which attacks an underlying federal conviction or sentence. McIntosh, 115 F.3d at 811-12.

Here, under Section 2241, petitioner attacks the validity of his federal criminal conviction and sentence. After defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising such a challenge is under Section 2255 unless that remedy is inadequate or ineffective. 28 U.S.C. § 2255(e) (federal prisoner may file Section 2241 habeas petition only if remedy by motion under Section 2255 is inadequate or ineffective to test legality of movant's detention); see United States v. McIntyre, 313 F. App'x 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The mere fact that a prisoner is precluded from filing a time-barred or second Section 2255 petition does not establish that the remedy under Section 2255 is inadequate or ineffective. United States v. Montano, 442 F. App'x 412, 413 (10th Cir. 2011); Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999); see Grecco v. Williamson, 152 F. App'x 195, 196 (3d Cir. 2005) (Section 2255 not inadequate or ineffective merely because difficult to pursue successive motion).

A petition under Section 2241 is not an additional, alternative or supplemental remedy to the relief afforded under Section 2255. Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963); see United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002) (defendant cannot avoid bar against successive Section 2255 petitions by simply styling petition under different name); see also Patel v. Morris, 37 F. App'x 428, 430-31 (10th Cir. 2002) (allowing claims under Section 2241 that are barred under Section 2255 would allow prisoners to avoid stringent gatekeeping requirements and would be contrary to Congressional intent to restrict successive petitions to extremely limited situations). A remedy is available under Section 2241 only if a claim procedurally could not have been raised at all under Section 2255, such as when the original sentencing court has been abolished, refuses to consider or inordinately delays consideration of the Section 2255 motion, or is unable to grant complete relief because other sentencing courts are involved. Boyce v. Berkebile, 590 F. App'x 825, 826 (10th Cir. 2015) (citing Caravalho, 177 F.3d at 1178); see Prost v. Anderson, 636 F.3d 578, 584 (10th Cir. 2011).

Here, petitioner has not alleged or shown that his claims could not have been brought in his initial Section 2255 motion or that his remedy under Section 2255 is otherwise inadequate or ineffective. The Court agrees substantially with the reasoning of Magistrate Judge Mehalchick who previously addressed this issue. See Report And Recommendation (Doc. #6 in Civil Case No. 16-3245-KHV) filed May 13, 2016 at 6-9. Because defendant has not shown that his remedy under Section 2255 is inadequate or ineffective, the Court dismisses his petition under Section 2241 for lack of jurisdiction. See Cleaver v. Maye, 773 F.3d 230, 233 (10th Cir. 2014).

**II.    Relief Under 28 U.S.C. § 2255**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that

the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

Defendant previously filed a Section 2255 motion. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in deciding whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

Because it appears that defendant's claims do not satisfy the authorization standards under Section 2255, the Court overrules the motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on its face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases). A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals

certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable factfinder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Here, defendant has not asserted "newly discovered evidence." He also has not shown any new rule of constitutional law that was previously unavailable. Defendant relies on Arthur Andersen, LLP v. United States, 544 U.S. 696 (2005), but the Supreme Court decided that case more than four years before defendant filed his initial Section 2255 motion. Accordingly, Arthur Andersen is not a "new rule of constitutional law" that was previously unavailable. Defendant also relies on Fowler v. United States, 131 S. Ct. 2045 (2011). As Magistrate Judge Mehalchick explained, "Fowler has not altered the legal landscape as to the elements required to sustain a conviction for an offense under the official-proceeding provisions of which Petitioner was found guilty of having violated." Report And Recommendation (Doc. #6 in Civil Case No. 16-3245-KHV) at 9. Because defendant has not shown newly discovered evidence or a new rule of constitutional law that was previously unavailable, the Court declines to transfer the present motion to the Court of Appeals.

### III.   Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Accordingly, no evidentiary hearing is required. See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record).

**IT IS THEREFORE ORDERED** that defendant's Petition For A Writ Of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. #1 in Civil Case No. 16-3245-KHV, Doc. #573 in Criminal Case No. 04-20044-01-KHV) filed November 9, 2015, which the Court also construes as a motion to vacate conviction under 28 U.S.C. § 2255, is **DISMISSED**. **The Court dismisses defendant's petition under 28 U.S.C. § 2241 for lack of jurisdiction. The Court dismisses defendant's petition under 28 U.S.C. § 2255 as an unauthorized second or successive petition.**

Dated this 1st day of August, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge